**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2571-19

COUNTY OF MONMOUTH,

    Plaintiff-Appellant,

v.

JERSEY CENTRAL POWER
& LIGHT,

    Defendant-Respondent.

_____

Submitted January 19, 2021 – Decided  February 22, 2021

Before Judges Messano, Hoffman and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. SC-001969-19.

Russell Macnow, LLC, attorneys for appellant (Lauren Papaleo, Assistant Monmouth County Counsel, on the brief).

Sahin & Watson, PC, attorneys for respondent (Lindsay M. Stiles, on the brief).

PER CURIAM

In November 2019, plaintiff County of Monmouth sued defendant Jersey Central Power and Light for $1,591.43 in damages. Plaintiff's complaint alleged defendant negligently damaged an underground storm drain owned by plaintiff on April 25, 2019, during excavation to replace a utility pole along Tennent Road in Marlboro. Following a bench trial in the Special Civil Part, the trial judge entered an order for judgment in favor of defendant, after concluding that defendant did not breach its duty of care based on its compliance with the Underground Facility Protection Act, N.J.S.A. 48:2-73 to -91 (the Act). On appeal, plaintiff argues the record lacks adequate, substantial, or credible evidence to support the trial court's finding that defendant fulfilled its duty to plaintiff. Plaintiff's appeal has merit. We therefore reverse and remand for entry of judgment in favor of plaintiff.

## I.

On April 4, 2019, defendant contacted the New Jersey One-Call Damage Prevention System (the One-Call System), as required by the Act, to give notice of its intent to excavate along the roadway at 78 Tennent Road. The Act requires excavators to notify the One-Call System of their intent to excavate at least three business days before any excavation. N.J.S.A. 48:2-82. The One-Call System then forwards the notice to the operators of all affected underground utilities.

2                                                                 A-2571-19

N.J.S.A. 48:2-76.  Within three days of receiving notice, the Act requires the affected operators to "[m]ark, stake, locate or otherwise provide the position and number of [their] underground facilities which may be affected" by an excavation.  N.J.S.A. 48:2-80(a)(2).

The One-Call System provided six utility operators notice of defendant's excavation.  In turn, these utility operators provided defendant with "mark outs"[1] of the existing underground utilities at the site of its excavation.

Plaintiff owns an underground storm drain in the area of 78 Tennent Road.  However, plaintiff did not register its storm drain with the One-Call System, nor does the Act require such registration.[2]  Therefore, plaintiff did not receive notification of defendant's intent to excavate and defendant did not receive mark outs identifying plaintiff's storm drain.  Nevertheless, on the surface above the

---

[1]  Generally, "mark outs" are lines and symbols spray-painted on the ground at or near an area of intended excavation to show the location and characteristics of underground utilities.

[2]  The Act specifically excludes storm drains and gravity sewers from the definition of "underground facility."  N.J.S.A. 48:2-75.  As a result, the Act does not require plaintiff to participate in the One-Call System regarding its underground storm drains.

storm drain was an unmarked manhole in very close proximity to the utility pole[3] defendant intended to replace; significantly, none of the mark outs provided by the six utility operators were in close proximity to the unmarked manhole next to the utility pole.

Defendant began excavating on April 25, 2019. While excavating, defendant struck and damaged plaintiff's storm drain. After replacing the damaged storm drain, plaintiff filed this action, demanding damages of $1,591.43.

At trial, plaintiff presented testimony and evidence in support of its claim that defendant negligently performed its excavation by proceeding without investigating the unmarked manhole, which would have revealed the exact location of plaintiff's storm drain. Two Monmouth County Highway Department employees testified for plaintiff: Ronald J. Boyce, III, a general supervisor in charge of road construction, and Gary Fread, the superintendent of highways. Both witnesses stated they are familiar with excavation work and the One-Call System. They both confirmed that when the One-Call System receives notice of an upcoming excavation, the One-Call System cautions that not all

---

[3] A photograph admitted at trial depicts a large manhole cover, approximately three times the diameter of defendant's utility pole, located within two feet of the pole.

A-2571-19

utilities are covered by the One-Call System and that it remains the excavator's responsibility to obtain any additional mark outs. As Boyce explained in his testimony,

> I have been doing this for [twenty-two] years . . . . I've called in . . . well over 100 One-Call tickets throughout the course of my working with Monmouth County and the last thing they tell you on the telephone before they give you your confirmation number for your work out ticket is that any utilities not covered by New Jersey One-Call are [your] responsibility to call and make sure that their mark out is done.

Mr. Boyce indicated that further investigation – rather than digging – was indicated by the fact "a manhole was right there" and "there [were] no mark outs around that manhole." In addition, he testified regarding damages, detailing the costs incurred by plaintiff to replace the damaged section of its storm drain.

After moving into evidence the One-Call mark out ticket for the excavation, defendant rested without calling any witnesses. The mark out ticket listed the six utility operators notified by the One-Call System.

The next day, the trial judge issued an oral opinion denying plaintiff's claim. The judge found that defendant "had a right to" rely on the One-Call System to identify any underground facilities and acted as "any ordinary excavator would" after complying with the Act. Moreover, she found defendant "would have no way of knowing that it was [plaintiff] that had a sewer drain"

under the manhole and excavation site, "since there were no identifying marks on the manhole cover." Thus, the judge concluded that defendant did not breach its duty and entered judgment for defendant on January 17, 2020.

On appeal, plaintiff presents the following arguments:

POINT I

THE UNDERGROUND FACILITY PROTECTION ACT, N.J.S.A. 48:2-73, ET. SEQ. AND [THE] ONE-CALL SYSTEM DOES NOT OBVIATE THE DUTY OF AN EXCAVATOR TO USE DUE CARE WHEN EXCAVATING.

POINT II

THE TRIAL COURT INCORRECTLY HELD THAT JCP&L HAD MET ALL THE APPLICABLE DUTIES PRIOR TO EXCAVATING.

II.

"Final determinations made by the trial judge sitting in a non-jury case are subject to a limited and well-established scope of review." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974). The trial judge's "interpretation of the law and the legal consequences that flow from established facts," however, "are not entitled to

any special deference." Manalapan Realty v. Twp. Comm., 140 N.J. 366, 378 (1995).

A negligence cause of action involves a breach of a duty of care that causes injury. Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008). In addition to the statutory requirements, the Act imposes on excavators the common law duty of care, requiring "reasonable care during the excavation or demolition to avoid damage to or interference with underground facilities." N.J.S.A. 48:2-82(d)(3). Moreover, statutory compliance "does not prevent a finding of negligence where a reasonable [person] would take additional precautions." Kane v. Hartz Mountain Industries, Inc., 278 N.J. Super. 129, 142 (App. Div. 1994) (citing Restatement (Second) of Torts, § 288 C (1965)).

Given these principles and our review of the record, the trial judge's conclusion that defendant exercised reasonable care lacks the support of "adequate, substantial and credible evidence." Rova Farms, 65 N.J. at 484. At trial, plaintiff presented testimony from two of its employees, Mr. Boyce and Mr. Fread, who the judge found credible. We defer to this credibility finding. In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997). Accordingly, plaintiff presented credible evidence as to the practice of looking for and, if found, investigating manholes without mark outs. Also important, plaintiff

presented credible evidence as to the One-Call System protocol, specifically, the System's explicit warning that it does not cover all utilities and it remains the excavator's responsibility to obtain any mark outs from any utility operators that do not participate in the System. This warning, and the absence of any mark outs in the area of the manhole in close proximity to its pole, was sufficient to establish that the exercise of reasonable care required defendant to undertake further investigation before excavating.

Defendant, on the other hand, offered no testimony or documentary evidence to prove that its employees exercised reasonable care upon encountering the manhole without any mark outs, instead resting its case on the notification it provided to the One-Call System. Considering the relevant facts and the credible evidence in the record, merely requesting mark outs through the One-Call System did not constitute the exercise of reasonable care. Nor does the fact that the manhole was unmarked relieve defendant of its responsibility to investigate further.

As an excavator, defendant had the common law duty to use reasonable care, in addition to the statutory duty to provide notification to the One-Call System. N.J.S.A. 48:2-82(d)(3). While defendant provided the required notification to the One-Call System, that alone did not suffice. Plaintiff's

witnesses provided convincing testimony that reasonable prudence required defendant to make further inquiry based on the existence of the manhole adjacent to its utility pole – with no mark outs near the manhole cover –  and that such additional inquiry would have caused defendant to learn of the exact location of plaintiff's storm drain.

We also find significant that defendant provided no evidence as to any steps taken by any its employees to ascertain the identity of the owner of the manhole adjacent to its excavation site.  Nor did defendant provide any explanation why the presence of the manhole did not constitute compelling evidence that a subsurface drain or pipe existed below the manhole.  Although defendant provided notification to the One-Call System, the judge's finding that defendant used reasonable care cannot be sustained based upon this fact alone – the One-Call System is not meant to satisfy the duty to use reasonable care, but to supplement it.

The trial judge's conclusion, therefore, lacks the support of "adequate, substantial and credible evidence" in the record.  Rova Farms Resort, Inc., 65 N.J. at 484.  The judge's decision also ignored the substantial, credible evidence that defendant failed to satisfy its common law duty of care during its excavation, with resulting damage to plaintiff's underground storm drain.  We

therefore reverse the trial court's order for judgment, and remand for the court to enter judgment in favor of plaintiff.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION